IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES G. McCLOSKEY,<br>Plaintiff | * | |
| | * | |
| v. | | CIVIL ACTION NO. CCB-07-61 |
| | * | |
| POLICE AGENCIES OF MARYLAND<br>THEIR SECRET SOCIETY OF SUPPORTERS<br>Defendants | * | |

*****

## MEMORANDUM

On January 10, 2007, James McCloskey filed the instant pro se complaint. Plaintiff claims that he is the subject of "a massive and malicious smear campaign organized and orchestrated by the Police and mainly carried out by their vast network of supporters...." Paper No. 1. Plaintiff seeks a "protective order." *Id*.

Plaintiff states that he has been harassed over the last nine years, by various citizens and neighbors, for which "the police" are responsible. He states that police department personnel have falsely advised the community that he is a sex offender and shoplifter, to which he responded by "us[ing] the wall of his carport as a 'billboard,' which was 6'X16'" to create a sign in time for the Savage Fest which was being held on an adjacent property which read, "My last criminal conviction was in Mid-62 (for escape). No convictions for any sex crimes or shoplifting. But the lying cops say otherwise to get their braindead punks and sluts to shun, stalk (24-7), hate and harass me for the past 9-years! Jesus Christ must puke up when these evil (P&S) pray to Him!" Paper No. 1. Plaintiff maintains that the various individuals who throughout the years summoned the police to check on plaintiff's reported "suspicious activity," vandalized his property, taunted him, and allegedly placed nails under his vehicle tires are all acting at the behest of the police department.

A complaint that is totally implausible or legally meritless on its face, such as this, may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22, 25 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 276-77 (7th Cir. 1988) (federal court has authority to dismiss frivolous suit on its own initiative). Accordingly, this complaint will be dismissed for lack of subject matter jurisdiction. A separate order follows this memorandum.

| | |
|---|---|
| January 24, 2007 | /s/ |
| Date | Catherine C. Blake |
| | United States District Judge |